## Case No. 8,955.

### The MAGNET.

[Brown, Adm. 547.] 1

District Court, E. D. Michigan. Feb., 1875.

SEAMEN'S WAGES — FORFEITURE FOR DESERTION AND MISCONDUCT.

1. Where a seaman employed upon a steamboat by the month left before the expiration of the month he was then serving, *held*, his entire unpaid wages were forfeited.

[See The Almatia, Case No. 254; The Balize. Id. 809.]

2. Where the second engineer is employed by the first engineer, the latter has a right to discharge him for good cause, without, and even against, the consent of the master.

3. Where an engineer wilfully deranged his engine, in order to compel the boat to stop at a certain port at which he desired to leave, it was *held* such misconduct as worked a forfeiture of wages.

The libel was filed by John B. Howard for a balance due him as wages for services as

1 [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

first engineer on the steamer during a portion of the navigation season of 1871. The balance claimed to be due was $175. The defense was desertion and improper conduct.

H. B. Brown, for libellant.
W. A. Moore, for claimant.

LONGYEAR, District Judge. The law of this case was determined by this court in the case of The John Martin [Case No. 7,357]. It only remains to determine whether, under the law, the proofs make out a case of desertion and forfeiture of wages. That libellant left without the consent of the master, and with the intention not to return, was fully proven, and was not disputed. The only questions therefore are, whether he had the right to leave when he did, under his contract; and if not, then whether he had just cause for leaving. At the hearing there was some dispute whether the hiring of libellant was expressly for the entire season of navigation, or by the month simply, without any express understanding as to the term of service. I think the latter is sustained by the proofs; but it is of no great importance which it was, because it was clearly proven and was undisputed that libellant left before the expiration of the month upon which he had then entered. This, as was decided by this court in the case of The John Martin, supra, was a leaving before the term of service agreed on had expired. Libellant, therefore, had no right to leave when he did, under his contract. Had libellant just cause for leaving? The only cause urged or pretended was that he was dissatisfied with his second engineer, on account, as alleged, of his habitual drunkenness, and that the master refused to discharge him. The proofs show that libellant as first engineer, had the right to employ his second, and that he actually exercised that right in the employment of the second engineer, in regard to whom the above mentioned complaint was made. This carried with it and vested in libellant the right to discharge the second engineer for good cause, without, and even against, the consent of the master; and habitual drunkenness would be a good cause, if such was the fact. There was, however, a preponderance of evidence that such was not the fact, but that libellant, having made up his mind to leave, the complaint as to the second engineer's habits was a mere excuse for leaving. I think, therefore, for both reasons, there was no just cause for libellant's leaving. Libellant so left during a voyage, after the steamer had left her home port, and at a place where it was difficult to supply his place, causing considerable delay in the prosecution of the voyage, and thus resulting in damages to the owners to an amount much larger than the balance of wages then due. Under all these circumstances it must be held that libellant's leaving was a desertion, within the meaning of the maritime law, and that the same worked an entire forfeiture of the balance of his wages then due. There was, however, still another cause of forfeiture independent of the desertion. By a preponderance of evidence it appeared that on the way from Detroit to Port Huron, where libellant left, he wilfully, and for the purpose of compelling the steamer to stop at Port Huron, deranged the engine. It was conceded at the hearing, and as is no doubt the law, that if so found by the court, this fact alone would be sufficient cause of forfeiture of wages. Libel dismissed.